**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

_____

**PLUMBERS AND STEAMFITTERS LOCAL 118 PENSION FUND,**
**PLUMBERS LOCAL 118 TRAINING FUND,**
**and JOSHUA BIRONG (in his capacity as Trustee),**

     **Plaintiffs,**

 **v.**             **Case No. 25-cv-744**

**MECHANICAL MASTERS, INC.,**

     **Defendant.**

_____

**COMPLAINT**

_____

Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Alex J. Sterling and Christopher J. Ahrens, and as and for a cause of action against the defendants, allege and show to the Court the following:

**<u>Jurisdiction and Venue</u>**

1. Jurisdiction of this Court upon Defendant Mechanical Masters, Inc. is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that Plaintiffs are aggrieved by said Defendant's violation of collective bargaining agreements, trust plans and trust agreements, and said Defendant's failure to submit contributions in accordance with the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans.

2. Venue lies in this Court under ERISA §502(e)(2) (29 U.S.C. §1132(e)(2)) in that the Plaintiff Plumbers and Steamfitters Local 118 Pension Fund ("Local 118 Pension

Fund") has its principal place of business located, and funds administered, in Milwaukee County, Wisconsin.

## Parties

3. Plaintiffs Local 118 Pension Fund and Plumbers Local 118 Training Fund are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said Plans. Said plans maintain offices at 2100 North Mayfair Road, Suite 400, Milwaukee, Wisconsin 53266.

4. Plaintiff Joshua Birong is a trustee and beneficiary of the Local 118 Pension Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action. Mr. Birong maintains an office at 3030 39th Street, Room 125, Kenosha, Wisconsin 53144.

5. Defendant Mechanical Masters, Inc. is a domestic corporation, organized under the laws of the state of Wisconsin, and engaged in business with principal offices located at 312 S. Beaumont Avenue, Kansasville, Wisconsin 53139. Mechanical Masters, Inc.'s registered agent for service of process is William J. Shenkenberg, 312 S. Beaumont Avenue, Kansasville, Wisconsin 53139.

## Facts

6. Mechanical Masters, Inc. ("Mechanical Masters") is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

-2-

7.　　For all times relevant, Mechanical Masters was and remains a party to and agreed to abide by the terms of collective bargaining agreements ("Labor Agreements") with Plumbers and Steamfitters Local Union #118 of the United Association of Journeyman & Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union").

8.　　The Unions represent, for purposes of collective bargaining, certain Mechanical Masters employees and employees of other employers in industries affecting interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9.　　The Labor Agreements described herein contain provisions whereby Mechanical Masters agreed to make timely payments to the plaintiff employee benefit plans ("Funds") for each employee covered by said Labor Agreements.

10.　　As a party to said Labor Agreements, Mechanical Masters adopted the trust agreements and amendments thereof, which establish and govern the Funds, and are necessary for their administration, and designated as its representatives on the Boards of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

11.　　As a party to said Labor Agreements, and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said Funds, Mechanical Masters has agreed as follows:

-3-

a. to file monthly reports and make timely and prompt contributions to the Funds for each employee covered by the aforementioned Labor Agreements;

b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the trustees of the Funds pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions;

f. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

12. Mechanical Masters has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to:

a. failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Mechanical Masters' covered employees; and

b. failing to accurately report employee work status to the Plaintiffs.

-4-

13. ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plans, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15. Mechanical Masters has failed to remit to the Plaintiff Funds all contributions required by its Labor Agreements with the Union for work performed from January 1, 2023 through the present.

-5-

16. Even when Mechanical Masters has remitted contributions to the Funds, it has often failed to do so by the fifteenth day of the month following the one during which the work was performed; so that, pursuant to the Funds' policies on employer accounts that are binding upon Mechanical Masters it owes to the Funds interest of 1.5% per month on all untimely remitted contributions and liquidated damages of 20% on all untimely remitted contributions.

**Claim One – the Plaintiff Funds' Claim Against Defendant Mechanical Masters for Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

17. As and for Plaintiffs' first claim for relief against Mechanical Masters, Plaintiffs reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18. Due demand has been made by the Plaintiff Funds upon Defendant for payment of all contributions, interest, and liquidated damages due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

19. Because, as the Plaintiff Funds are informed and believe, Mechanical Masters has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Plaintiff Funds' trust funds is reduced, the Plaintiff Funds' incomes are reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Plaintiff Funds' employee benefit plans have been violated, and the Funds are entitled to all the remedies provided by ERISA.

-6-

**WHEREFORE**, Plaintiffs demand the following relief:

1.   Judgment on behalf of the Plaintiff Funds and against Mechanical Masters:

     A.   For unpaid contributions, interest, and liquidated damages owed to the Funds for the audit period January 1, 2023, through the commencement of this action;

     B.   For unpaid contributions, interest, and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

     C.   Reasonable attorney fees and the costs of this action.

2.   For such other, further or different relief as the Court deems just and proper.

Dated this 21st day of May, 2025.

/s/ Alex J. Sterling
Alex J. Sterling (SBN: 1107931)
Christopher J. Ahrens (SBN: 1043237)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com

Attorneys for Plaintiffs.