# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

---

WISCONSIN PIPE TRADES HEALTH FUND, and
WISCONSIN PIPE TRADES 401(k) PLAN AND TRUST,

           **Plaintiffs,**

    **v.**                                         **Case No. 2:25-cv-00618**

MECHANICAL MASTERS, INC., a Wisconsin
Corporation,

           **Defendant.**

---

### DEFENDANT'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

---

To:    Edward P. Barry
        JOHNSON & KROL, LLC
        311 South Wacker Drive, Suite 1050
        Chicago, Illinois 60606
        barry@johnsonkrol.com

Defendant, MECHANICAL MASTERS, INC. ("Mechanical Masters"), by and through their attorneys, Allocco, Miller, & Cahill, P.C., and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, answers Plaintiff's First Set of Interrogatories as follows:

1

Exhibit 3

## INTERROGATORIES

1. State whether you have read the instructions to these interrogatories, whether you understand them, and whether you intend to comply with them.

**RESPONSE**: Yes

2. State the full name, residential address, date of birth, social security number, business address and occupation for each person who assisted in answering these questions.

**RESPONSE:** Willie Shenkenberg answered and Todd Miller assisted in answering.

3. Identify Evan Lonergan's job title(s), the dates during which he held each job title(s), a description of the services he provided, the date he first began providing services, and the date he ceased providing services (if applicable) for Mechanical Masters.

**RESPONSE**: Job title: shop kid; dates of employment: 3-11-24 to 11-29-24

4. Identify the percentage of work performed by Evan Lonergan as an employee of Mechanical Masters during the period of January 1, 2023, through November 30, 2024, that fell within the scope of "covered work" as defined by Appendix A of the Labor Agreement. (Docket No. 1-2, p. 41-45).

**RESPONSE:** Zero percentage of work was covered work

5. Identify Scott Darville's job title(s), the dates during which he held each job title(s), a description of the services he provided, the date he first began providing services, and the date he ceased providing services (if applicable) for Mechanical Masters.

**RESPONSE**: Job title: office manager; dates of employment: 4-15-24 to 4-11-25

6. Identify the percentage of work performed by Scott Darville as an employee of Mechanical Masters during the period of January 1, 2023, through November 30, 2024, that fell within the scope of "covered work" as defined by Appendix A of the Labor Agreement. (Docket No. 1-2, p. 41-45).

**RESPONSE:** Zero percentage of work was covered work

7. Identify James Jorgenson's job title(s), the dates during which he held each job title(s), a description of the services he provided, the date he first began providing services, and the date he ceased providing services (if applicable) for Mechanical Masters.

**RESPONSE:** Job title: operating engineer/plumber; dates of employment: 10-28-96 to present

2

8. Identify the percentage of work performed by James Jorgenson as an employee of Mechanical Masters during the period of January 1, 2023, through November 30, 2024, that fell within the scope of "covered work" as defined by Appendix A of the Labor Agreement. (Docket No. 1-2, p. 41-45).

**RESPONSE:** 50% of James Jorgenson's work fell within the scope of "covered work"

9. Identify Ethan Burgan's job title(s), the dates during which he held each job title(s), a description of the services he provided, the date he first began providing services, and the date he ceased providing services (if applicable) for Mechanical Masters.

**RESPONSE:** Job title: office manager; dates of employment: 10-30-23 to 6-20-25

10. Identify the percentage of work performed by Ethan Burgan as an employee of Mechanical Masters during the period of January 1, 2023, through November 30, 2024, that fell within the scope of "covered work" as defined by Appendix A of the Labor Agreement. (Docket No. 1-2, p. 41-45).

**RESPONSE:** Zero percentage of work was covered work

11. Identify Aydan Klamm's job title(s), the dates during which he held each job title(s), a description of the services he provided, the date he first began providing services, and the date he ceased providing services (if applicable) for Mechanical Masters.

**RESPONSE:** Job title: shop kid; dates of employment: 3-18-24 to 9-3-24; then plumber apprentice until 10-10-25

12. Identify the percentage of work performed by Aydan Klamm as an employee of Mechanical Masters during the period of January 1, 2023, through November 30, 2024, that fell within the scope of "covered work" as defined by Appendix A of the Labor Agreement. (Docket No. 1-2, p. 41-45).

**RESPONSE:** 40% of Ayden Klamm's work fell within the scope of "covered work"

13. Identify Kadin Villa's job title(s), the dates during which he held each job title(s), a description of the services he provided, the date he first began providing services, and the date he ceased providing services (if applicable) for Mechanical Masters.

**RESPONSE:** Job title: shop kid; dates of employment: 5-20-24 to 9-3-24; then plumber apprentice until 10-10-25

14. Identify the percentage of work performed by Kadin Villa as an employee of Mechanical Masters during the period of January 1, 2023, through November 30, 2024, that fell within the scope of "covered work" as defined by Appendix A of the Labor Agreement. (Docket No. 1-2, p. 41-45).

**RESPONSE:** 50% of Kadin Villa's work fell within the scope of "covered work"

3

15. Identify Francis Wietrzak's job title(s), the dates during which he held each job title(s), a description of the services he provided, the date he first began providing services, and the date he ceased providing services (if applicable) for Mechanical Masters.

**RESPONSE:** Job title: shop kid; dates of employment: 11-20-24 to 11-24-24

16. Identify the percentage of work performed by Francis Wietrzak as an employee of Mechanical Masters during the period of January 1, 2023, through November 30, 2024, that fell within the scope of "covered work" as defined by Appendix A of the Labor Agreement. (Docket No. 1-2, p. 41-45).

**RESPONSE:** Zero percentage of work was covered work

17. Identify Jessica Hartman's job title(s), the dates during which she held each job title(s), a description of the services she provided, the date she first began providing services, and the date she ceased providing services (if applicable) for Mechanical Masters.

**RESPONSE:** Job title: office manager; dates of employment: 11-13-23 to 2-9-24

18. Identify the percentage of work performed by Jessica Hartman as an employee of Mechanical Masters during the period of January 1, 2023, through November 30, 2024, that fell within the scope of "covered work" as defined by Appendix A of the Labor Agreement. (Docket No. 1-2, p. 41-45).

**RESPONSE:** Zero percentage of work was covered work

19. Identify Samantha Serak's job title(s), the dates during which she held each job title(s), a description of the services she provided, the date she first began providing services, and the date she ceased providing services (if applicable) for Mechanical Masters.

**RESPONSE:** Job title: office assistant; dates of employment: 7-24-23 to 11-17-23

20. Identify the percentage of work performed by Samantha Serak as an employee of Mechanical Masters during the period of January 1, 2023, through November 30, 2024, that fell within the scope of "covered work" as defined by Appendix A of the Labor Agreement. (Docket No. 1-2, p. 41-45).

**RESPONSE:** Zero percentage of work was covered work

21. Identify Branda Wade's job title(s), the dates during which she held each job title(s), a description of the services she provided, the date she first began providing services, and the date she ceased providing services (if applicable) for Mechanical Masters.

**RESPONSE:** Job title: office manager; dates of employment: 2001 - November 2023

4

22.     Identify the percentage of work performed by Branda Wade as an employee of Mechanical Masters during the period of January 1, 2023, through November 30, 2024, that fell within the scope of "covered work" as defined by Appendix A of the Labor Agreement. (Docket No. 1-2, p. 41-45).

**RESPONSE:** Zero percentage of work was covered work

23.     Identify Stacey Hamilton's job title(s), the dates during which she held each job title(s), a description of the services she provided, the date she first began providing services, and the date she ceased providing services (if applicable) for Mechanical Masters.

**RESPONSE:** Job title: office assistant; dates of employment: November 2022 – July 2023

24.     Identify the percentage of work performed by Jessica Hartman as an employee of Mechanical Masters during the period of January 1, 2023, through November 30, 2024, that fell within the scope of "covered work" as defined by Appendix A of the Labor Agreement. (Docket No. 1-2, p. 41-45).

**RESPONSE:** Zero percentage of work was covered work

Dated: March 19, 2025                    Respectfully submitted,

                                         **MECHANICAL MASTERS, INC.**

                                         By:    */s/ Todd A. Miller*
                                               One of Defendant's Attorneys

Todd A. Miller (ARDC #6216561)
Kathleen M. Cahill (ARDC #6269486)
ALLOCCO, MILLER & CAHILL,P.C.
20 N. Wacker Drive, Suite 3517
Chicago, Illinois 60606-2384
Phone No. (312) 675-4325 | Fax No. (312) 675-4326
tam@alloccomiller.com

5

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on today's date, **March 19, 2026**, he served a copy of **Defendant's Response to Plaintiffs' First Set of Interrogatories** via electronic mail to the Plaintiff's counsel at the email address below:

Edward P. Barry
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
barry@johnsonkrol.com

<u>/s/ Todd A. Miller</u>
Attorney for Defendant
**Allocco, Miller, & Cahill P.C.**
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
tam@alloccomiller.com

6

# AFFIDAVIT OF COMPLETENESS

I, _William Shenkenberg_ being first duly sworn on oath, depose and state that I have read the above and foregoing A___ers to Interrogatories and the same are true and correct to the best of my knowledge, and a copy has been delivered to attorney for the Plaintiffs all in accordance with Federal Rules of Civil Procedure Rule 33.

_William Shenkenberg_
Signature

Subscribed and Sworn to before me this
___16th___ day of ___March___, 2026.

Notary Public

7