# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**PLUMBERS AND STEAMFITTERS LOCAL 118 PENSION FUND,**
**PLUMBERS LOCAL 118 TRAINING FUND,** and
**JOSHUA BIRONG,**
*in his capacity as Trustee,*

**Plaintiffs,**

**v.** **Case No. 25-CV-744-SCD**

**MECHANICAL MASTERS, INC.,**

**Defendant.**

---

## DECISION AND ORDER
## GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

---

The Employee Retirement Income Security Act of 1974 (ERISA) requires participating employers to contribute funds to multi-employer employee benefit plans on behalf of their employees. These contributions are subject to collective bargaining agreements between employers and local unions. In this ERISA action, two employee benefit plans (Plumbers and Steamfitters Local 118 Pension Fund and Plumbers Local 118 Training Fund, collectively "the funds") and one of the plan's trustees (Joshua Birong) allege that Mechanical Masters, Inc., didn't contribute to the funds for all covered work performed between 2023 and 2024 as required by the company's labor agreements. The plaintiffs have moved for summary judgment on their ERISA claim, the only claim asserted in their complaint. Because the undisputed facts establish that Mechanical Masters manifested an intention to abide and be bound by the terms of the latest labor agreements, and because the company has failed to make all contributions required by those agreements, I will grant the plaintiffs' motion.

## BACKGROUND

The plaintiffs have submitted proposed findings of fact in support of their motion for summary judgment. *See* Pls.' Facts, ECF No. 20. Mechanical Masters has expressly declined to respond to the plaintiffs' summary judgment materials. *See* Def.'s Notice, ECF No. 27. Accordingly, the plaintiffs' proposed facts are deemed admitted for purposes of deciding their motion. *See* E.D. Wis. Civ. L. R. 56(b)(4).

Mechanical Masters, Inc., is a Wisconsin plumbing company. *See* Pls.' Facts ¶¶ 6–8, 13. In June 2007, Mechanical Masters executed a collective bargaining agreement (CBA) negotiated between the Plumbers and Steamfitters Local Union #118 of the United Association of Journeyman & Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada and the Mechanical Contractors, S E, Inc. *Id.* ¶ 8. By signing the agreement, Mechanical Masters agreed to be bound by all the terms of the funds' trust agreements. *Id.* ¶ 11. That CBA expired on May 31, 2013. *Id.* ¶ 9.

Thereafter, the union and the association negotiated two successor labor agreements: one in effect from June 12, 2017, through May 31, 2023, the other June 1, 2023, through May 31, 2025. *See* Pls.' Facts ¶ 10. Those CBAs required employers bound by the agreements to pay contributions to the funds for each hour of covered work[1] performed by their employees regardless of whether those employees were members of the union. *Id.* ¶¶ 12–14. The CBAs set forth the hourly rate of contributions owed to the funds. *Id.* ¶ 16. Those rates generally change from year to year. *Id.* ¶ 17. Each CBA indicates that all payments to the funds for employees covered by the agreement, while the agreement is in effect, are deemed to be paid

[1] Covered work included the performance of tasks related to plumbing, heating, and piping work performed within the geographic jurisdiction of the union. Pls.' Facts ¶ 13.

pursuant to the agreement. *Id.* ¶ 15.

The CBAs also covered union dues. To maintain membership with the union, members had to pay working dues for each hour of covered work they performed. Pls.' Facts ¶ 18. The hourly rate of working dues owed to the union is set forth in the CBAs, and like the contribution rates, those rates can change annually. *Id.* ¶¶ 19–20. Union members can ask their employers to deduct the union dues from their paycheck, and several members did in 2023 and 2024. *See id.* ¶¶ 21–22. First- and second-year apprentices had to pay working dues at 60% of the journeyman rate per hour of work performed. *Id.* ¶ 23. The rates for fourth- and fifth-year apprentices were set at 75%. *Id.* ¶ 24.

The CBAs required contributions and working dues to be paid by the fifteenth day of the month after which the work was performed. Pls.' Facts ¶ 25. Delinquent contributions are subject to liquidated damages assessed at 5% of the unpaid or delinquent contributions. *Id.* ¶ 26. Employers who fall behind must also pay interest on unpaid and delinquent contributions at the maximum rate permitted by law, not to exceed 1.5% per month. *Id.* ¶ 27.

Although Mechanical Masters did not sign the latest labor agreements, *see* Rosenmerkel Aff. Ex. 3, ECF No. 22-3; Rosenmerkel Aff. Ex. 4, ECF No. 22-4, the company did continue to make contributions to the funds and working dues to the union for work performed by its employees. Mechanical Masters consistently paid contributions to the pension fund between December 2022 and April 2024, consistently paid contributions to the training fund between January 2023 and April 2025, and consistently passed along working dues to the union between January 2023 and November 2024. *See* Pls.' Facts ¶¶ 45–47, 49–50,

52–53. When Mechanical Masters paid those contributions and passed along those working dues, it did so at the rates specified in the latest CBAs. *See id.* ¶¶ 48, 51, 54.

The funds audited Mechanical Masters' records in December 2024. *See* Pls.' Facts ¶¶ 28–29. During the audit, the company provided records relating only to employees it identified as plumbers; however, the company refused to provide detailed payroll records for its non-plumbers. *Id.* ¶¶ 30–31. The audit revealed covered work performed for which Mechanical Masters had failed to pay contributions to the funds. *Id.* ¶¶ 32–37. For the period January 1, 2023, through November 30, 2024, the company failed to pay $19,581.71 in contributions to the pension fund and $3,711.89 in contributions to the training fund for its plumbers. For non-plumbers during the same period, the auditor estimated that the company failed to pay $69,514.75 in contributions to the pension fund and $11,619.42 in contributions to the training fund. *See id.* ¶¶ 38–40. Mechanical Masters has not made any payments to the funds toward the delinquencies uncovered by the audit. *See id.* ¶¶ 41–44.

In May 2025, the funds and one of the fund's trustees sued Mechanical Masters in federal court, alleging that the company has failed to remit all payments required by the labor agreements. *See* Compl., ECF No. 1. The matter was randomly assigned to this court, and all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 8 & 12. On June 12, 2026, the plaintiffs filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Pls.'s Mot., ECF No. 19; Pls.'s Mem., ECF No. 21. Mechanical Masters did not respond to the motion within the time required by the local rules, *see* E.D. Wis. Civ. L. R. 56(b)(2) (requiring summary judgment response materials to be filed within 30 days of service of the motion), or request an extension of time for doing so. I gave the company, which is represented by

counsel, one last chance to respond. *See* Text-Only Order, ECF No. 26. On October 8, 2026, Mechanical Masters informed me that the company was not going to respond to the plaintiffs' motion. *See* Def.'s Notice, ECF No. 27.

## SUMMARY JUDGMENT STANDARD

Under Rule 56, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a) "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021) (quoting Fed. R. Civ. P. 56(a)). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018)).

## DISCUSSION

The plaintiffs in this ERISA action seek to recover the contributions Mechanical Masters allegedly failed to pay from January 1, 2023, through November 30, 2024. "ERISA was enacted to protect 'employee benefit funds against uncertainty and employees against loss of benefits' and established enforcement mechanisms to facilitate these goals." *Cent. States, Se. & Sw. Areas Pension Fund v. Univar Sols. USA, Inc.*, 148 F.4th 426, 430 (7th Cir. 2025) (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Transervice Logistics*, Inc., 56 F.4th 516, 524 (7th Cir. 2022)). "Section 502, 29 U.S.C. § 1132, authorizes funds to sue 'to enforce a contractual obligation to contribute to a multiemployer plan.'" *Univar Sols.*, 148 F.4th at 430 (quoting *Transervice Logistics*, 56 F.4th at 524). "This power is buttressed by § 515, 29 U.S.C. § 1145, which requires employers to contribute to funds according to the terms and conditions of the

CBA that generated the obligation." *Univar Sols.*, 148 F.4th at 430 (citing *Transervice Logistics*, 56 F.4th at 524). "If an employer fails to contribute as required by a CBA, funds can sue for statutory and contractual violations using these provisions." *Id.*

It's undisputed that Mechanical Masters is an "employer" and that each fund at issue here is an "employee benefit plan" within the meaning of ERISA, as amended. *See* Pls.' Facts ¶¶ 3–4, 7. It's also undisputed that Mechanical Masters did not make all the contributions required under the latest labor agreements between the union and the association. *See id.* ¶¶ 28–44. The only potential issue is whether Mechanical Masters, a non-signatory to those agreements, had a legal obligation to make those contributions. *See* Def.'s Answer ¶¶ 7–12, ECF No. 11 (denying that the company was a signatory to the agreements for the time relevant to this action).

"It is 'well established that a collective bargaining agreement is not dependent on the reduction to writing of the parties' intention to be bound.'" *Gariup v. Birchler Ceiling & Interior Co.*, 777 F.2d 370, 373 (7th Cir. 1985) (quoting *Capitol-Husting Co. v. NLRB*, 671 F.2d 237, 243 (7th Cir. 1982)). "[A]ll that is required is conduct manifesting an intention to abide and be bound by the terms of an agreement." *Ibid.*

> Prior cases that have held an employer bound to a collective bargaining agreement as a result of conduct have emphasized, among other factors, the payment of union wages, the remission of union dues, the payment of fringe benefit contributions, the existence of other agreements evidencing assent and the submission of the employer to union jurisdiction, such as that created by grievance procedures.

*Bricklayers Local 21 of Ill. Apprenticeship & Training Program v. Banner Restoration, Inc.*, 385 F.3d 761, 766 (7th Cir. 2004) (citing *Robbins v. Lynch*, 836 F.2d 330, 332 (7th Cir. 1988); *Gariup*, 777 F.2d at 376; *Brown v. C. Volante Corp.*, 194 F.3d 351, 354–56 (2d Cir. 1999); *Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Const. Corp.*, 258 F.3d 645, 650 (7th Cir. 2001)).

The undisputed facts show that Mechanical Masters manifested assent to the latest labor agreements by its conduct. The company executed the CBA that governed the relationship between the union and the association from June 2007 through May 2013. *See* Pls.' Facts ¶ 8. Although Mechanical Masters did not sign the subsequent agreements, the company continued to make contributions to the funds at the rates prescribed in them. *See id.* ¶¶ 45–51. The company paid increased rates as the rates increased per the CBAs and even paid differing rates for employees identified as apprentices, according to the wage rates of the CBAs. Mechanical Masters also continued to pass along to the union working dues it received from its employees. *See id.* ¶¶ 52–54. This objective evidence sufficiently establishes the company's intent to be bound by the labor agreements at issue here. *See, e.g.*, *Bricklayers Local 21*, 385 F.3d at 767–68 (finding intent to be bound where, among other conduct, an employer paid fringe benefit contributions to funds according to rates prescribed by the CBA and remitted union dues on behalf of employees at the rates prescribed therein).

As explained above, ERISA "imposes an affirmative obligation on employers to make contributions to multiemployer benefits plans in accordance with the terms of the plan or the governing collective bargaining agreement." *RiverStone Grp., Inc. v. Midwest Operating Eng'rs Fringe Ben. Funds*, 33 F.4th 424, 430 (7th Cir. 2022) (citing 29 U.S.C. § 1145). "If the employer is found to be delinquent in its payments, the court may award not only the unpaid contributions but also interest on those unpaid contributions and liquidated damages at least equal to the amount of that interest." *Id.* (citing 29 U.S.C. § 1132(g)(2)). "Attorney's fees, costs and 'such other legal or equitable relief as the court deems appropriate' are also available." *Id.* (quoting 29 U.S.C. § 1132(g)(2)(E)).

In December 2024, the funds audited Mechanical Masters' books covering the period January 1, 2023, through November 30, 2024. *See* Pls.' Facts ¶¶ 28–44. The audit revealed that, for the period in question, Mechanical Masters failed to pay $19,581.71 in contributions to the pension fund and $3,711.89 in contributions to the training fund for covered work performed by its plumbers. For non-plumbers who performed covered work during the same period, the auditor estimated that the company failed to pay $69,514.75 in contributions to the pension fund and $11,619.42 in contributions to the training fund. The labor agreements establish 5% as the rate for liquidated damages and 1.5% as the rate for interest. *See id.* ¶¶ 26–27. Given those rates, the auditor calculated the total unpaid contributions, liquidated damages, and interest as $124,976.10. *See id.* ¶¶ 42, 44. The funds also incurred $7,507.50 in attorney fees and $480.00 in costs as of June 12, 2026. *See id.* ¶¶ 55–56. Mechanical Masters has not objected to any of the auditor's calculations. Because the company has not made payments as specified in the labor agreements, *see id.* ¶¶ 41, 43, the funds are entitled to the unpaid contributions, interest on the unpaid contributions, liquidated damages, attorney fees, and costs.

## CONCLUSION

In sum, the undisputed facts establish that Mechanical Masters, Inc., manifested an intention to abide and be bound by the terms of the latest labor agreements between the union and the association and failed to make all contributions required by those agreements. Accordingly, for all the foregoing reasons, the court **GRANTS** the plaintiffs' motion for summary judgment, ECF No. 19. The plaintiffs shall file a proposed judgment including updated interest owed as of November 10, 2026, as well as proof of any additional expenses, within seven days.

**SO ORDERED** this 10th day of November, 2026.

STEPHEN C. DRIES
United States Magistrate Judge